IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

In Re:

TERRI CRAWFORD,

              Respondent.

8:13AD4

**MEMORANDUM AND ORDER**

      The Respondent has filed a motion for my recusal, stating I have an inherent conflict because the Chief Judge, who the Respondent claimed had a conflict, appointed me to review this case for final disposition. "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003).

      Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994).

Disqualification for lack of impartiality must have a reasonable basis. 28 U.S.C. §455. Nothing in this legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against her into a "reasonable fear" that the judge will not be impartial. Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S. Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

I do not know Terri Crawford. I do not believe we have ever met or even spoken. Likewise, Judge Smith Camp has appointed me to handle this matter, but she has stated nothing about how it should be handled, her perception on the outcome, or the decision I should reach. Under the assignment I have received, my decision in this case is not subject Judge Smith Camp's review. I am not biased, for or against, Terri Crawford. Moreover, "a reasonable observer who is informed of all the surrounding facts and circumstances" would not conclude that I am unable to fairly consider and rule on the issues in this case.

A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)). But she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C., 153 F.3d 520, 523 (8th Cir. 1998). I will not shirk this responsibility. Ms. Crawford's motion to recuse will be denied.

IT IS ORDERED that the Respondent's motion to recuse, (Filing No. 12), is denied.

April 5, 2013.                                      BY THE COURT:

                                                    *s/ Cheryl R. Zwart*
                                                    United States Magistrate Judge